1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CASCADE PROMOTION CORPORATION, a
California Corporation,

        Plaintiff,

    v.

AMA SYSTEMS, LLC, a Maryland Limited
Liability Company,

        Defendant.

_____/

No. C 07-1513 CW

ORDER
TRANSFERRING
ACTION

    Defendant AMA Systems, LLC, moves for dismissal of this action
pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C.
§ 1406(a), which provides that, in the interest of justice, a court
can transfer, rather than dismiss, an action filed in the wrong
district.  Plaintiff Cascade Promotion Corp. opposes this motion.
The hearing scheduled for June 7, 2007 is vacated and the matter is
submitted on the papers.  Having considered all of the papers filed
by the parties and the evidence cited therein, and in the interest
of justice, the Court transfers this case to the United States
District Court for the District of Maryland, where venue is proper.

**United States District Court**
For the Northern District of California

BACKGROUND

Plaintiff purchases promotional items, including iPods. Defendant distributes iPods it purchases from Apple. Before Defendant will sell iPods, or any other goods, on credit, it requires potential customers to fill out, sign, and return a credit application.

In June, 2005, Defendant sent Plaintiff a two-page credit application entitled "Information Sheet." The second page, right above the signature line, provides that the person who signs the application understands that he or she is "bound by AMA's attached General Terms and Conditions, as amended from time to time." Billingsley Dec., Ex. D. Defendant states that it sent the General Terms and Conditions to Plaintiff. Plaintiff, however, claims that it never received the General Terms and Conditions, until after this suit was filed.

Plaintiff filled out the application form and faxed it to Defendant, along with materials regarding Plaintiff's credit worthiness. It did not ask for a copy of the General Terms and Conditions. Shortly thereafter, Defendant accepted Plaintiff as "a credit customer in the amount of $20,000." Quant Dec., Ex. A.

In 2006, Apple dropped its prices and discontinued sales of certain iPod models. Plaintiff objected to the price that Defendant was charging for certain discontinued iPods. In 2007, Plaintiff filed this suit to resolve the dispute. According to Plaintiff, shortly thereafter, it received for the first time a three-page document from Defendant's counsel entitled "AMA Computers General Terms and Conditions." The General Terms and

2

United States District Court
For the Northern District of California

1  Conditions that Defendant submits with its motion provide that AMA

2  Computers and the client "consent to the exclusive jurisdiction of

3  the courts of the State of Maryland, USA for any dispute arising

4  out of their relationship" and that Maryland law governs.

5  Billingsley Dec., Ex. D.  Plaintiff states that it entered into a

6  contract with Defendant AMA Systems, not AMA Computers.  It further

7  states that it asked Defendant for proof that any "General Terms

8  and Conditions" were provided to it in 2005.

9      Defendant's sales manager declares that he sent to Plaintiff

10  both the Information Sheet and the AMA Computers General Terms and

11  Conditions.  In his reply declaration, Defendant's sale manager

12  also states that AMA Computers is a business division or part of

13  AMA Systems, LLC and is not a company separate from AMA Systems,

14  LLC.  According to the sales manager, "There are no separate

15  contracts entered into by 'AMA Computers.'"  Billingsley Reply Dec.

16  at ¶ 3.

17      After Plaintiff brought this action, Defendant filed an action

18  against Plaintiff in Maryland state court.  Plaintiff removed the

19  case to the United States District Court for the District of

20  Maryland and has filed its answer.  Although in its moving papers

21  Defendant requests that the Court dismiss this action, Defendant

22  states in its reply that this case should be transferred to the

23  Maryland District Court.

24                          LEGAL STANDARD

25      A motion to dismiss brought on the basis of a forum selection

26  clause is treated as a motion to dismiss for improper venue under

27  Federal Rule of Civil Procedure 12(b)(3).  <u>Arqueta v. Banco</u>

28                                3

Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996).  The
enforceability of a forum selection clause is determined by federal
law.  Id.

In the context of a Rule 12(b)(3) motion based upon a forum
selection clause, the pleadings need not be accepted as true, and a
court may consider facts outside of the pleadings.  Id.  However,
"the trial court must draw all reasonable inferences in favor of
the non-moving party and resolve all factual conflicts in favor of
the non-moving party."  Murphy v. Schneider Nat'l, Inc., 362 F.3d
1133, 1138 (9th Cir. 2004).  When a Rule 12(b)(3) motion is made
prior to development of the factual record,

> if the facts asserted by the non-moving party are sufficient
> to preclude enforcement of the forum selection clause, the
> non-moving party is entitled to remain in the forum it chose
> for suit unless and until the district court has resolved any
> material factual issues that are in genuine dispute.

Id. at 1139.

DISCUSSION

The Ninth Circuit instructs that "forum selection clauses are
presumptively valid" and, therefore, "should be honored 'absent
some compelling and countervailing reason.'"  Id. at 1140 (quoting
Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972)).  Thus, even
though inferences are drawn in favor of the non-moving party and
conflicts are resolved in its favor, the party challenging a forum
selection clause "bears a 'heavy burden of proof' and must 'clearly
show that enforcement would be unreasonable and unjust, or that the
clause was invalid for such reasons as fraud or over-reaching.'"
Id. (quoting Bremen, 407 U.S. at 15).  See also Carnival Cruise
Lines, Inc. v. Shute, 499 U.S. 585, 590 (1991) (enforcing non-

4

negotiated forum selection clause in a passage contract, where the "forum selection clause was reasonably communicated to the respondents, as much as three pages of fine print can be communicated").

Defendant contends that the contract between the parties contains a forum selection clause providing that any dispute arising out of the contract will be resolved in Maryland, not here. It argues that Plaintiff cannot satisfy the "heavy burden of proof" required to set aside the forum selection clause because the clause is neither unreasonable nor unjust, nor would litigating this dispute in Maryland be either unreasonable or unjust.

Plaintiff responds that the forum selection clause Defendant relies on is in AMA Computers' General Terms and Conditions, not in AMA Systems' General Terms and Conditions, and that it could not have agreed to a forum selection clause contained in terms and conditions that it never saw and thus should not be bound by the clause.  As noted above, however, AMA Computers is part of AMA Systems.  And Plaintiff's reliance on Sarmiento v. BMG Entertainment, 326 F. Supp. 2d 1108 (C.D. Cal 2003), is misplaced.

In Sarmiento, the court noted, "The opportunity to read a clearly identified and intelligible forum selection clause before accepting the contract provides sufficient notice to plaintiff." 326 F. Supp. 2d at 1110.  The court, however, rejected the plaintiff's argument that the clause was not binding because it was written in English and his primary language was Spanish; the executives who negotiated the contract with the plaintiff spoke both English and Spanish and, thus, the plaintiff had the

5

**United States District Court**
For the Northern District of California

opportunity to ask them to explain the forum selection clause.
Because the plaintiff failed to set forth any evidence to
demonstrate that he was unable to understand the contract, the
court held that the forum selection clause was enforceable and
dismissed the case for improper venue.

Here, too, Plaintiff fails to show that it did not have the
opportunity to read the forum selection clause before accepting the
contract.  Plaintiff knew that, by signing the contract, it would
be bound by undisclosed terms and conditions, yet it provides no
evidence that it asked to see those conditions before signing the
contract and sending it back to Defendant.  Nor does Plaintiff
provide evidence that its acceptance of the contract was
conditional on what terms were contained in the General Terms and
Conditions.

The Court need not resolve who is more credible: Defendant's
sales manager, who states that he sent Plaintiff the General Terms
and Conditions, or Plaintiff's officer, who states that she never
received the "attached General Terms and Conditions."  Plaintiff
has failed to show that enforcement of the forum selection clause
would be unreasonable or unjust, nor has Plaintiff shown that the
clause was invalid.  There is a binding forum selection clause
providing that any dispute between the parties will be resolved in
Maryland; therefore, the Court transfers this case to the District
Court for the District of Maryland.

CONCLUSION

For the foregoing reasons, and in the interest of justice,
this action is TRANSFERRED to the United States District Court for

6

the District of Maryland.  Defendant's motion to dismiss (Docket No. 4) is DENIED.

IT IS SO ORDERED.

Dated: 5/30/07

_____
CLAUDIA WILKEN
United States District Judge

7